ANTES v. MANHATTAN RY. CO. et al.

(Supreme Court, Special Term, New York County. May 6, 1909.)

1. COVENANTS (§ 103*)—RESTRICTIVE COVENANTS—USE OF PREMISES.

In an action for damages by operation of defendant's elevated road, it appeared that the parties derived title from a common source, and that a covenant against offensive establishments was referred to in several conveyances; but though, in a number of deeds, prior to and since defendant's road was constructed in 1887, no reference was made to the covenant, it appeared in a deed to plaintiff, executed in 1905, at which time the railroad had been in operation for about 18 years, but the property in the immediate neighborhood had been changed to a factory section and ceased to be used for residential purposes. *Held,* that enforcement of the covenant would be inequitable.

[Ed. Note.—For other cases, see Covenants, Dec. Dig. § 103.*]

2. COVENANTS (§ 122*)—RESTRICTIVE COVENANTS—USE OF PROPERTY—DAMAGES—EVIDENCE.

Evidence *held* insufficient to show damages in an action for breach of covenant in a deed against the use of premises for offensive establishments.

[Ed. Note.—For other cases, see Covenants, Dec. Dig. § 122.*]

Suit by Paula Antes against the Manhattan Railway Company and another for injunction and damages to easement and breach of covenants in deeds. Findings for plaintiff for nominal damages only.

Banton Moore (Chas. H. Strong, of counsel), for plaintiff.
A. A. Gardner, for defendants.

NEWBURGER, J. This is an action to recover damages by reason of the operation of an elevated road by defendants. The railway is not constructed along the street; but on private property of the defendants, on their own right of way, and crosses 133rd street alongside of plaintiff's property. The road was built in 1887. The street in front of plaintiff's property is 100 feet wide. The plaintiff's property

is known as "No. 361 Southern Boulevard." The lot is 20 by 100 feet and is covered by a four-story brick building, used as a store on the ground floor and apartments on each of the floors above. The house was built in 1882.

It is contended by the plaintiff that, although the defendants operate their railway upon their own land, she is entitled to damages by reason of a covenant against offensive establishments. While it is true that plaintiff and defendants derived title to their respective lands from a common predecessor in title, and although the covenant is referred to in several conveyances, yet in a number of deeds prior to and since the road was constructed no reference is made to the covenant. It appears, however, in the deed from Bartels to the plaintiff, executed in 1905. At that time, not only had the road been in operation for about 18 years, but the property in the immediate neighborhood had been changed to a factory section and ceased to be used for residential purposes. To attempt to enforce a covenant of this kind under these circumstances would be inequitable.

As to the damages either to the fee or rental value of plaintiff's property by reason of the operation of the road, the plaintiff has failed to make out a case. Plaintiff's expert (Swartwout) testified that manufactories were coming in the neighborhood right along from 1875 to the present time, and that the Southern Boulevard, both north and south sides, from Alexander avenue west, is a manufacturing center. It is apparent that whatever change took place in the neighborhood cannot be ascribed to the operation of the defendants' railroad.

The plaintiff is entitled, however, to nominal damages for the maintenance and operation of that portion of the south-bound track as interferes with plaintiff's easements of light and air.

Findings passed upon.